Clarissa JONES–EDWARDS,
Plaintiff–Appellant,

v.

APPEAL BOARD OF NATIONAL
SECURITY AGENCY,
Defendant–Appellee.

No. 05–0962–cv.

United States Court of Appeals,
Second Circuit.

Sept. 12, 2006.

Clarissa Jones–Edwards, Mount Vernon, NY, pro se, for Appellant.

Matthew L. Schwartz, Assistant United States Attorney for the Southern District of New York (Sara Shudofsky, Assistant United States Attorneys, of counsel, Michael J. Garcia, United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Jones–Edwards appeals *pro se* from a final judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge* ), entered on January 10, 2005, dismissing her *pro se* complaint against the National Security Agency ("NSA"). For the following reasons, we affirm.

In November 2002, Jones–Edwards filed a request with the NSA under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking "all documents forwarded to National Security Agency, General Accounting Office, Securities and Exchange Commission, Federal Trade Commission, Department of Justice, regarding identity theft." By letter dated February 21, 2003, the NSA informed Jones–Edwards that it had conducted a search of its records, and found no responsive documents. Jones–Edwards appealed by letter to the United States General Accounting Office; in August 2003, the NSA's Freedom of Information Act/Privacy Appeals Authority responded to that letter, reiterating its position that it had conducted an adequate search and found no relevant records.

Jones–Edwards then brought suit in the Southern District of New York, seeking "an immediate response" to her request to the NSA. The NSA submitted the declaration of its Director of Policy, again reiterating that the NSA's FOIA staff had conducted a thorough search of the NSA's records, and had found no responsive records. Jones–Edwards responded to the motion by filing an amended complaint, claiming that her request "should have caused the NSA to probe intelligence communications within an integrated circuit of domestic and international networks." The District Court granted summary judgment in favor of the NSA.

■ We have described the procedure by which motions for summary judgment in FOIA cases are resolved:

> In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden. Affidavits submitted by an agency are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits.

> In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.

*Carney v. United States Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.1994) (quotation marks and citations omitted).

The plaintiff is "not required to present evidence that would be admissible at a trial, but something more than his bare allegations is needed." *Id.* at 813 (quota-

38

tions marks and citation omitted). The plaintiff must provide "factual support," rather than "mere speculation." *Id.*

The NSA's declaration was sufficient to meet its burden of showing that it had conducted an adequate search of its own records. Jones–Edwards failed to come forward with any factually-supported showing that the agency had conducted this search in bad faith; rather, she sought to have the NSA expand its search to encompass "domestic and international networks."

An agency is not obliged to conduct a search of records outside its possession or control. *See Grand Cent. P'ship., Inc. v. Cuomo,* 166 F.3d 473, 479 (2d Cir.1999) ("For requested materials to qualify as 'agency records,' two requirements must be satisfied: (i) 'an agency must either create or obtain the requested materials,' and (ii) 'the agency must be in control of the requested materials at the time the FOIA request is made.' ") (quoting *United States Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 144–45, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989)); *see also Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 152, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980) ("[P]ossession or control is a prerequisite to FOIA disclosure duties. . . . The Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained.").

We do not need to decide here which documents might constitute "agency records" of the NSA, and which should be considered outside its control. To the extent that Jones–Edwards seeks documents *outside* the NSA's control, the NSA was clearly not obliged to respond; and she offers nothing other than speculation that there may exist relevant documents *within* the NSA's control that were not turned over to her. Mere speculation is not suffi-

cient to withstand a motion for summary judgment.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.